## MOTION UNDER 28 USC § 2255 TO VACATE, SET ASIDE, OR CORRECT
### SENTENCE BY A PERSON IN FEDERAL CUSTODY

| **United States District Court** | District Western New York |
|---|---|
| Name of Movant James M. Beaver | Prisoner No. 17120-055 Case No. #1:08-cr-00251-RJA-1 |
| Place of Confinement FCI Victorville #1 | |

| UNITED STATES OF AMERICA | V. | James Michael Beaver |
|---|---|---|
| | | (name under which convicted) |

### MOTION

1. Name and location of court which entered the judgment of conviction under attack U.S. District Court, Western District of New York (Buffalo)

2. Date of judgment of conviction November 8, 2010

3. Length of sentence 68 months, 3 years supervised release

4. Nature of offense involved (all counts) Felon in possession of a firearm, possession of a firearm with an obliterated serial number.

_____

5. What was your plea? (Check one)
   (a) Not guilty ☐
   (b) Guilty ☒
   (c) Nolo contendere ☐

   If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, give details:

   _____
   _____
   _____

6. If you pleaded not guilty, what kind of trial did you have? (Check one)
   (a) Jury ☐
   (b) Judge only ☐

7. Did you testify at the trial?
   Yes ☐    No ☐

8. Did you appeal from the judgment of conviction?
   Yes ☐    No ☐

AO 243    (Rev. 2/95)

9.    If you did appeal, answer the following:

(a)  Name of court _____

(b)  Result _____

(c)  Date of result _____

10.    Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions with respect to this judgment in any federal court?

Yes ☐     No ☒

11.    If your answer to 10 was "yes," give the following information:

(a)  (1)  Name of court _____

(2)  Nature of proceeding _____

_____

(3)  Grounds raised _____

_____

_____

_____

_____

(4)  Did you receive an evidentiary hearing on your petition, application or motion?

Yes ☐     No ☐

(5)  Result _____

(6)  Date of result _____

(b)  As to any second petition, application or motion give the same information:

(1)  Name of court _____

(2)  Name of proceeding _____

_____

(3)  Grounds raised _____

_____

_____

_____

_____

    (4)  Did you receive an evidentiary hearing on your petition, application or motion?

        Yes ☐    No ☐

    (5)  Result _____

    (6)  Date of result _____

(c)  Did you appeal, to an appellate federal court having jurisdiction, the result of action taken on any petition, application or motion?

    (1)  First petition, etc.        Yes ☐    No ☐

    (2)  Second petition, etc.    Yes ☐    No ☐

(d)  If you did not appeal from the adverse action on any petition, application or motion, explain briefly why you did not:

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

12.  State *concisely* every ground on which you claim that you are being held in violation of the constitution, laws or treaties of the United States. Summarize briefly the facts supporting each ground. If necessary, you may attach pages stating additional grounds and facts supporting same.

    CAUTION:  If you fail to set forth all grounds in this motion, you may be barred from presenting additional grounds at a later date.

    For your information, the following is a list of the most frequently raised grounds for relief in these proceedings.  Each statement preceded by a letter constitutes a separate ground for possible relief.  You may raise any grounds which you have other than those listed.  However, you should raise in this motion all available grounds (relating to this conviction) on which you based your allegations that you are being held in custody unlawfully.

    Do not check any of these listed grounds.  If you select one or more of these grounds for relief, you must allege facts. The motion will be returned to you if you merely check (a) through (j) or any one of these grounds.

(a)  Conviction obtained by plea of guilty which was unlawfully induced or not made voluntarily or with understanding of the nature of the charge and the consequences of the plea.

(b)  Conviction obtained by use of coerced confession.

AO 243    (Rev. 2/95)

   (c)  Conviction obtained by use of evidence gained pursuant to an unconstitutional search and seizure.
   (d)  Conviction obtained by use of evidence obtained pursuant to an unlawful arrest.
   (e)  Conviction obtained by a violation of the privilege against self-incrimination.
   (f)  Conviction obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence
      favorable to the defendant.
   (g)  Conviction obtained by a violation of the protection against double jeopardy.
   (h)  Conviction obtained by action of a grand or petit jury which was unconstitutionally selected and impaneled.
   (i)  Denial of effective assistance of counsel.
   (j)  Denial of right of appeal.

A.  Ground one:  *See att.*

Supporting FACTS (state *briefly* without citing cases or law):

B.  Ground two:  *See att.*

Supporting FACTS (state *briefly* without citing cases or law):

C.  Ground three:  *See att.*

Supporting FACTS (state *briefly* without citing cases or law):

D.    Ground four:    See att.

Supporting FACTS (state *briefly* without citing cases or law):

13.    If any of the grounds listed in 12A, B, C, and D were not previously presented, state briefly what grounds were not so
presented, and give your reasons for not presenting them:

Issues were not known until
after sentencing.
Attorney refused to raise
issues.

14.    Do you have any petition or appeal now pending in any court as to the judgment under attack?
Yes ☐    No ☑

15.    Give the name and address, if known, of each attorney who represented you in the following stages of the judgment attacked
herein:

(a)    At preliminary hearing    Anthony Lana, 484 Delaware
Ave, Buffalo, NY 14202

(b)    At arraignment and plea

(c)    At trial

(d)    At sentencing

(e)  On appeal _____

_____

(f)  In any post-conviction proceeding _____

_____

(g)  On appeal from any adverse ruling in a post-conviction proceeding _____

_____

16.  Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at approximately the same time?
Yes  ☑         No  ☐

17.  Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack?
Yes  ☐         No  ☑

(a)  If so, give name and location of court which imposed sentence to be served in the future: _____

_____

_____

(b)  Give date and length of the above sentence: _____

_____

(c)  Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future?
Yes  ☐   No  ☐

Wherefore, movant prays that the Court grant him all relief to which he may be entitled in this proceeding.

_____
Signature of Attorney (if any)

I declare under penalty of perjury that the foregoing is true and correct.  Executed on

_9/19/11_____
Date

_James Beard_____
Signature of Movant

(7)

## 12.A  EXCESSIVE SENTENCE, DENIAL OF EFFECTIVE ASSISTANCE OF COUNSEL

I had both a state and federal case pending at the same time. I was told by my attorney, Tony Lana, and the assistance U.S. attorney, Richard Maigret, that by staying in federal custody all my jail time credit would count toward my federal sentence.

After sentencing, the Federal Bureau of Prisons ("BOP") sent me to the New York State Department of Corrections ("NYS-DOC"). Out of the 27 months I spent in jail, 16 months and 17 days were credited towards my state sentence even though I was in federal custody. I was released from the NYS-DOC 5 days short of my 18 month maximum date. All the time that I got credited on my NYS-DOC sentence, the BOP will not count towards my federal sentence. The BOP will not count this time towards my federal sentence because my judgment was "silent" on how to run the two sentences. The BOP interprets this as consecutive. It doesn't matter what custody I was in, I can only receive federal sentence credit for time that was not credited against any other sentence.

This makes my sentence excessive by 14 months. I could have went into state custody from the start and would have been able to participate in the Willard Program. This program was offered to me by the Niagara County Court. I would have been released from NYS-DOC in approximately 4 months [1 month in transit and 97 days to complete the Willard Program]. Then only 4 months would not have counted towards my federal sentence instead of the full 18 months.

My attorney rendered ineffective assistance as he should have been able to correctly advise me about my jail time credit and not cause me to do an excessive sentence.

I am asking the court to order my federal sentence fully concurrent or in the alternative partially concurrent [14 months] to make up for the excessive time. The BOP will only count this time if it is specifically ordered by the Court to run concurrent with the state.

## 12.B  DENIAL OF EFFECTIVE ASSISTANCE OF COUNSEL

At sentencing, my attorney did not request the sentencing judge to run my federal sentence concurrent with my state sentence.

I asked counsel many times before sentencing to request that the judge run my federal sentence concurrent with my state sentence. He told me at sentencing that all my time in custody would count.

The BOP did not count all my time because my judgment was "silent" on how to run my state and federal sentences.

My attorney was supposed to have cleaned all this up at sentencing as I had requested, instead of just assuming all my time would count.

12.C.   Breach of Agreement by U.S. Attorney, Denial of Effective Assistance of Counsel, Excessive Sentence

At Federal Court, at my first scheduled sentencing in May 2010, in a conversation with AUSA Maigret and Attorney Tony Lana, I was promised by AUSA Maigret a recomendation of a six level reduction for my cooperation thus far on the Ryan Warme case, plus an additional three levels reduction for my future cooperation on the case of Warme making death threats. Sentencing was postponed untill November 2010. At this time my cooperation was complete and in full satisfaction of the U.S. Attorney's office, but I did not receive the full nine level recomendation

12. D.

failed to seperate the two of us resulting in a run-in at the Chautauqua County Jail where he made death threats to me and threatened to come after my family (girlfriend and 3 kids) as well.

My lawyer was ineffective in that he failed to pursue the full nine levels after numerous requests from myself.

This also makes my sentence excessive by failing to give me the full reduction deserved for all of my cooperation on both Warme cases, and myself and my family receiving death threats as the direct result of my cooperation