IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

     v.                                                 08-CR-251-A

JAMES MICHAEL BEAVER,

        Defendant.

## **RESPONSE TO JAMES MICHAEL BEAVER'S § 2255 MOTION**

The United States of America, by and through its attorneys, William J. Hochul, Jr., United States Attorney for the Western District of New York, and Timothy C. Lynch, Assistant United States Attorney, of counsel, hereby makes and files its Response to the James Michael Beavers' Motion pursuant to 28 U.S.C. § 2255. The government states as follows:

1. On March 11, 2009, the defendant pleaded guilty to Count 1 of the Indictment, charging a violation of Title 18, United States Code, Section 922(g)(1) (felon in possession of a firearm) and Count of 2 of the Indictment, charging a violation of Title 18, United States Code, Section 922(k) (possession of a firearm with a removed, obliterated and altered serial number). At the time of the plea, Anthony J. Lana, Esq., a respected member of the Federal Bar, ably represented the defendant. As part of his plea agreement, the petitioner agreed to waive his right to appeal and

collaterally attack any sentence within the range of 110 to 137 months.

2.  On November 8, 2010, after granting the government's motion for a downward departure, pursuant to U.S.S.G. § 5K1.1, of 6 levels, the Court sentenced the defendant to 63 months imprisonment on Count 1 and 60 months on Count 2 to run concurrent. This sentence is 57 months lower than the lowest end of the sentencing range set forth in the appellate and collateral attack waiver section of the defendant's plea agreement.  At the time of sentencing, the defendant did not object to the Court's sentence and did not file a direct appeal.

3.  The petitioner now challenges his sentence on several grounds, each of which is addressed below.

**A.   Sixth Amendment Claims**

4.  The defendant initially claims that the Court should re-sentence him to the same period of incarceration, but order that the sentence run concurrent to the state sentence he was serving at the time of his federal sentencing.  The petitioner's argument is premised on the ground that his attorney was ineffective for failing to request that this Court run its sentence concurrent to his state sentence.  A secondary claim is that his attorney was

ineffective for advising the defendant to stay in federal custody rather than state custody, where he originally was, when he was arrested on federal charges. According to the defendant, this decision resulted in the defendant failing to participate in the Willard Program, which, according to the defendant, could have reduced his state sentence, and therefore, the defendant would have had additional time to credit toward his federal sentence.

5. The Sixth Amendment provides that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defence." U.S. Const. amend. VI. When faced with a claim of ineffective assistance of counsel, the court must consider the two-part test set forth in Strickland v. Washington, 466 U.S. 668, 687-88 (1984). Under that test, a defendant must establish

> (1) that counsel's representation fell below an objective standard of reasonableness measured by the prevailing professional norms; and (2) that there is a reasonable probability that, but for counsel's unprofessional performance, the outcome of the proceeding would have been different. See Strickland, 466 U.S. at 688-90, 694, 104 S. Ct. 2052; see also United States v. Vegas, 27 F.3d 773, 777 (2d Cir. 1994). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Strickland, 466 U.S. at 694, 104 S. Ct. 2052.

3

United States v. Gordon, 156 F.3d 376, 379 (2d Cir. 1988). A defendant's Sixth Amendment right to counsel includes plea negotiations. Id.

6. Here, even assuming for the sake of argument that defense counsel should have requested a concurrent sentence, the defendant cannot meet the second prong of the Strickland test. Specifically, the defendant cannot establish that there is a reasonable probability that the Court would have imposed a concurrent sentence in this case. This is especially true considering the defendant's criminal history and the nature of the offense. After considering the Sentencing Guidelines and the § 3553(a) factors, the Court determined that the sentenced imposed was "sufficient but not greater than necessary to comply with the purposes of sentencing set forth in 18 U.S.C. § 3553(a)(2)." (Sentencing Transcript at 16:7-9). There is simply nothing in the record to support the defendant's claim that the outcome of the proceeding would have been different had defense counsel asked for the federal sentence to run concurrent to the defendant's state sentence.

7. However, if the Court were to indicate to the Bureau of Prisons that it wanted the sentences to run concurrent, it is government counsel's understanding the Bureau of Prisons would abide by the Court's directive even though the Judgment in this

4

case has already been entered.  On January 27, 2012, government counsel spoke with Bureau of Prison Regional Counsel Michael Tafelski, who advised that if the Court were to order the defendant's federal sentence to run concurrently to the defendant's state's sentence, the defendant's **projected release date** would move from August 9, 2014 to December 17, 2013.  This, of course, is a **projected release date**; the Bureau of Prisons will compute the actual release date as the defendant's projected release date gets closer.

8. In addition, the defendant claims that at the time of his state plea, the state court indicated it would recommend the Willard Program.  According to the defendant's argument, if he had stayed in state custody, as opposed to following his lawyer's alleged advice to stay in federal custody, he would have participated in the Willard Program, which would have shortened his state sentence, and thus, he would have had more time credited to his federal sentence.  However, the death-knell for this claim is that, prior to the defendant's state sentencing, he was arrested on the federal charges which are the subject of this prosecution. This new arrest impacted the state court's decision whether to recommend the defendant for the Willard program, because, according to Niagara County Assistant District Attorney Peter Wydysh, at the time of the defendant' sentencing, the state court did not

5

recommend the defendant for the Willard Program. Accordingly, the defendant's claim fails in this regard.

9. Furthermore, the defendant is precluded from collaterally attacking his sentence by the terms of his plea agreement. On November 8, 2010, the Court sentenced the defendant to 63 months. Because the Court sentenced the defendant within the sentencing range set forth in the plea agreement, the waiver of collateral attack rights is fully applicable and enforceable here.

10. The plea agreement, again executed by the petitioner in open court, contained an appeal and collateral attack waiver. See Plea Agreement, ¶¶ 21 and 22. The Second Circuit has consistently upheld the validity and enforcement of such waivers of appeal and collateral attack contained in plea agreements. See, e.g., United States v. Pearson, 570 F.3d 480, 485 (2d Cir. 2009); Salcido-Contreras v. United States, 990 F.2d 51, 53 (2d Cir. 1993). Indeed, the enforcement of such waivers promotes certainty and predictability as to the terms of the plea agreement. It also ensures that the defendant does not secure the benefit of the bargain without the accompanying detriments. See United States v. Morgan, 406 F.3d 135, 137 (2d Cir. 2005); see also Garcia-Santos v. United States, 273 F.3d 506 (2d Cir. 2001) (enforcing a waiver barring collateral attack of a sentence); United States v. Roque,

421 F.3d 118, 121 (2d Cir. 2005) (noting that waiver of appeal and of §§ 2241 and 2255 review are "consistently held enforceable"). In addition, a defendant may not avoid the valid waiver of his appeal rights by arguing that counsel was ineffective during sentencing. United States v. Djelevic, 161 F.3d 104, 107 (2d Cir. 1998); see also United States v. Williams, 2012 WL 129815 (2d Cir.) (summary order) (holding that "a defendant may not 'dress up' a challenge to the correctness of his sentence as a Sixth Amendment claim for ineffective assistance of counsel" (citations omitted)).

11. In the instant case, the defendant's plea agreement contained specific waiver provisions which the government attorney read verbatim into the record in the defendant's presence during the plea proceeding. The government attorney also read the affirmation at the end of the plea agreement into the record, which states, in relevant part, that the petitioner "read the agreement . . . understand[s] all of the consequences of my plea of guilty . . . fully agree[s] with the contents of this agreement [and] am signing this agreement voluntarily and of my own free will." The defendant did in fact sign the plea agreement following this affirmation.

12. Despite the substantial authority relating to the enforcement of appeal and collateral attack waivers, the Court

should be aware that in United States v. Stearns, 479 F.3d 175, 179 (2d Cir. 2007), the Second Circuit examined the appellate and collateral attack waiver utilized in this case and determined that this waiver does not preclude a claim that the sentencing court should have imposed the federal sentence concurrently with the defendant's state sentence.

13. The defendant next argues that his attorney was ineffective for failing to request that the Court grant him a reduction of nine levels, pursuant to 5K1.1, as opposed to the reduction of six levels requested by the government. In this regard, the defendant clearly fails to establish both prongs of the Strickland test. First, it is evident from the sentencing transcript that defense counsel did ask the Court to grant a departure greater than the six levels requested by the government. Defense counsel said:

> I would argue, Judge, that again the proper value should be something other than that, something higher than that [six levels]. And again, that's up to the Court to determine what value to place on his cooperation, but obviously the Court's very familiar with the underlying case and with Mr. Warme's case.
>
> I had submitted a motion back in the fall outlining a motion to assist the Court in properly valuing Mr. Beaver's cooperation. And in that motion, Judge, I indicated first and foremost that Mr. Daniels who represented Mr. Warme indicated that Mr. Beaver's testimony and anticipated trial testimony was the moving factor in his client pleading guilty. Therefore, saving the government large expense and time and effort prosecuting Mr. Warme. And how the government had

8

> characterized his cooperation was truthful, extremely
> helpful, et cetera, et cetera, as was outlined in my
> motion. So I'd ask that the Court keep that in mind
> prior to imposing sentence.

(Sentencing Transcript at 5:24-6:16). The Court, however, granted the government's motion for a six-level departure and determined not to grant an additional reduction. The Court's decision to credit the government's motion and accompanying affidavit in support of a six-level reduction, and decline the defendant's request for a greater departure, does not give rise to a Sixth Amendment claim.

14. Furthermore, for the same reasons detailed above, this claim is precluded by the waiver of appeal and collateral attack contained in the plea agreement. Accordingly, this Court should deny the claim.

**B.    Alleged Breach of Plea Agreement**

15. In his motion, the defendant claims the government breached the plea agreement by not moving for a certain amount of levels allegedly agreed to by a former AUSA.

16. Section 2255 provides, in relevant part, as follows:

> A prisoner in custody under sentence of a court
> established by Act of Congress claiming the right to be
> released upon the ground that the sentence was imposed in

> violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a). The Court may dismiss a § 2255 petition without conducting a hearing if the petition and the record "conclusively show" that petitioner is not entitled to relief. Id.

17. Federal prisoners can challenge a criminal judgment and sentence pursuant to 28 U.S.C. § 2255 only in limited circumstances. The Second Circuit has held that a "collateral attack on a final judgment in a criminal case is generally available under § 2255 only for a constitutional error, a lack of jurisdiction in the sentencing court, or an error of law or fact that constitutes a fundamental defect which inherently results in a complete miscarriage of justice." Graziano v. United States, 83 F.3d 587, 589-590 (2d Cir. 1996) (internal citation and quotation omitted).

18. "A motion under § 2255 is not a substitute for an appeal." Zhang v. United States, 506 F.3d 162, 166 (2d Cir. 2007). "[E]ven the voluntariness and intelligence of a guilty plea can be attacked on collateral review only if first challenged on direct

review." Bousley v. United States, 523 U.S. 614, 621 (1998). Habeas review is an extraordinary remedy and "'will not be allowed to do service for an appeal.'" Reed v. Farley, 512 U.S. 339, 354 (1994) (citation omitted). The Second Circuit has recognized "that the concern with finality served by the limitation on collateral attack has special force with respect to convictions based on guilty pleas." Rosario v. United States, 164 F.3d 729, 732 (2d Cir. 1998) (internal citations omitted).

19. As set forth above, petitioner pled guilty on March 11, 2009 and was sentenced on November 8, 2010. The Court filed its Judgment on November 27, 2010. The defendant never appealed his sentence. As a result, any claim regarding the Court's sentence has been waived.

20. Furthermore, the defendant's claims are precluded by the waiver of appeal and collateral attack contained in his plea agreement. As noted above, that agreement specifically stated that the defendant waived his rights "to appeal and <u>collaterally attack</u> any sentence imposed by the Court which falls within or is less than the sentencing range for imprisonment, a fine and supervised release set forth" therein. Plea Agreement, ¶ 21 (emphasis added). The sentencing range contemplated in the plea agreement was 110 to 137 months. See Plea Agreement, ¶ 12. On November 16, 2009, the

Court sentenced the defendant to 63 months on Count 1 and 60 months to Count 2 to run concurrent Count 1. Because the Court sentenced the defendant below the sentencing range set forth in the plea agreement, that waiver is fully applicable and enforceable here.

21. Finally, as the defendant was aware from the Cooperation section of his plea agreement, "The defendant understands that the decision to make such a motion is within the sole discretion of the government and that the decision to grant such a motion, **and the extent of any downward depature, are matters solely within the discretion of the Court.**" (Plea Agreement at ¶ 28 (emphasis added)). The defendant knew that it was the Court that would make the final decision as to how much of a reduction to grant the defendant based on his cooperation. After examining the government's affidavit, reading defense counsel's motion and hearing defense counsel's arguments for a departure greater than six levels, the Court granted a six-level departure. The government complied with its obligations under the plea agreement, and therefore, the defendant's claim of a breach should be denied.

**WHEREFORE,** the government respectfully requests that the defendant's § 2255 motion be denied in all respects.

DATED: Buffalo, New York, January 27, 2012.

Respectfully submitted,

WILLIAM J. HOCHUL, JR.
United States Attorney

BY: s/Timothy C. Lynch
TIMOTHY C. LYNCH
Assistant U.S. Attorney
U.S. Attorney's Office
Western District of New York
138 Delaware Avenue
Buffalo, New York 14202
716/843-5846
Timothy.Lynch@usdoj.gov

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

    v.                                                    08-CR-251-A

JAMES MICHAEL BEAVER,

        Defendant.

## CERTIFICATE OF SERVICE

I hereby certify that on January 27, 2012, I electronically filed the foregoing **RESPONSE TO JAMES MICHAEL BEAVER'S § 2255 MOTION** with the Clerk of the District Court using its CM/ECF system, and I mailed the foregoing, by the U.S. Postal Service, to the following non-CM/ECF participant:

    James Michael Beaver #17120-055
    FCI Victorville
    P.O. Box 5300
    Adelanto, California  92301

                                                    s/Karen A. Brown
                                                      KAREN A. BROWN