UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

JAMES MICHAEL BEAVER,

Movant,

-vs-

UNITED STATES OF AMERICA,

Respondent.

**DECISION AND ORDER**

**Civil Case No. 1:11-cv-00818-MAT**

**Criminal Case No. 1:08-cr-00251-MAT**

**INTRODUCTION**

Proceeding pro se, James Michael Beaver ("Beaver" or "Movant") has filed a Motion to Vacate the Sentence pursuant to 28 U.S.C. § 2255 ("Section 2255").

**FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

On March 11, 2009, Movant appeared with his attorney, Anthony J. Lana, Esq. ("Defense Counsel") before Hon. Richard J. Arcara, United States District Judge, and entered guilty pleas to the following two counts of the four-indictment filed against him on September 17, 2008: Count 1, which charged a violation of 18 U.S.C. § 922(g)(1) (felon in possession of a firearm); and Count of 2, which charged a violation of 18 U.S.C. § 922(k) (possession of a firearm with a removed, obliterated and altered serial number). As part of the plea agreement with the Government, Beaver waived his right to appeal and collaterally attack any sentence within the United States Sentencing Guidelines ("Guidelines") range of 110 to 137 months.

Sentencing was adjourned multiple times until November 8, 2010. After granting the Government's motion pursuant to Guidelines § 5K1.1 for a six-level downward departure, Judge Arcara sentenced Beaver to 63 months' imprisonment on Count 1, and 60 months' imprisonment on Count 2, those sentences to run concurrently with each other, to be followed by three years of post-release supervision.[1] At the time of sentencing, Movant did not object to the sentence imposed; nor did he file a direct appeal.

On September 19, 2011, Beaver filed the instant pro se Motion to Vacate (Dkt #50) pursuant to Section 2255, along with a Motion to Proceed In Forma Pauperis (Dkt #51). Beaver challenges his sentence (but not his underlying convictions) on several grounds. First, Beaver argues that Defense Counsel was ineffective in failing to request that Judge Arcara run the sentences on the Federal convictions concurrently[2] with the sentence on Beaver's State conviction. Second, Beaver faults Defense Counsel for advising him to remain in Federal custody rather than State

---

1 The aggregate sentence of imprisonment was 57 months lower than the lowest end of the Guidelines sentencing range (110 to 137 months) set forth in the appellate and collateral attack waiver section of the plea agreement.

2 In United States v. Stearns, 479 F.3d 175 (2d Cir. 2007), the Second Circuit examined an appellate and collateral attack waiver utilizing the same language employed in Beaver's plea agreement. The panel determined that the waiver, as written, does not preclude a defendant's claim that the sentencing court should have imposed the Federal sentence concurrently with the defendant's State sentence. Id. at 179.

custody, where he originally was located, when he was arrested on Federal charges. According to Beaver, this prevented him from participating in New York State Department of Corrections and Community Supervision's substance abuse treatment program at Willard Correctional Facility, and potentially obtain a reduction in his State sentence if he completed the program. As a consequence the faulty advice to remain in Federal custody, Movant argues, he lost the opportunity to receive additional time to credit toward his Federal sentence. Third, Movant argues that Defense Counsel was ineffective for failing to request that Judge Arcara grant him a reduction of nine levels, pursuant to Guidelines § 5K1.1, as opposed to the reduction of six levels requested by the Government. Fourth, Movant contends that Government breached the plea agreement by declining to move for a nine-level downward-departure (i.e., six levels for Movant's cooperation on co-defendant Ryan Warme case, plus an additional three levels for his future cooperation on a case based on Warme making death threats), which a former assistant United States attorney handling the case allegedly had agreed and promised to him and Defense Counsel in May of 2010.

The Government, in its January 27, 2012, Response (Dkt #58) to the Section 2255 Motion, stated, inter alia, that if the Court were to indicate to the Bureau of Prisons ("BOP") that it wanted the sentences to run concurrently, then BOP would abide by the Court's directive even though the Judgment in this case already had been

entered. The Government indicated that on January 27, 2012, one of its assistants spoke with BOP Regional Counsel Michael Tafelski, Esq., who advised that if the Court were to order that Movant's Federal sentence run concurrently to Movant's State sentence, Movant's projected release date would move from August 9, 2014, to December 17, 2013.

Movant filed a Response (Dkt #61), an unopposed Motion to Amend the Section 2255 Motion (Dkt ##62, 63), a Motion for a Status Conference (Dkt #64), and a Motion for Summary Judgment Regarding the Section 2255 Motion (Dkt #65).

On August 8, 2014, while the Section 2255 Motion was still pending, Movant was released from BOP custody, and he began serving his term of post-release supervision.

On September 20, 2016, Defense Counsel filed a Motion for Early Termination of Probation pursuant to 8 U.S.C. § 3583(e) (Dkt #66), requesting that Judge Arcara grant an order terminating Movant's term of supervised release. The Government opposed the motion (Dkt #67). Judge Arcara denied the motion in a Decision and Order (Dkt #69) entered October 7, 2016.

The Section 2255 Motion was transferred to the undersigned on November 18, 2016. For the reasons discussed below, the Section 2255 Motion is denied as moot, as are the Motion for Summary Judgment and the Motion for a Status Conference.

**PRELIMINARY MATTERS**

Movant's Motion to Proceed In Forma Pauperis is granted, since, at the time he commenced this proceeding, he had adequately demonstrated his indigence.

The Motion to Amend the Section 2255 Motion likewise is granted because the allegations therein relate back to the original motion.

**SECTION 2255**

Section 2255 provides, in relevant part, as follows: "A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a). A court may dismiss a Section 2255 motion without a hearing if the motion and the record "conclusively show[,]" id., that the movant is not entitled to relief. See, e.g., Chang v. United States, 250 F.3d 79, 85-86 (2d Cir. 2001) (district court was not required to hold full testimonial hearing before deciding federal prisoner's motion to vacate, set aside or correct sentence based on claim of

ineffective assistance of counsel alleging that counsel prevented him from exercising his right to testify on his own behalf, where prisoner made only general allegation, and record was supplemented by detailed affidavit from trial counsel credibly describing circumstances concerning prisoner's failure to testify).

**DISCUSSION**

Article III, Section 2 of the United States Constitution limits the exercise of Federal judicial power to "cases" and "controversies." U.S. CONST. art. III, § 2. This "case-or-controversy" requirement "underpins both [the Supreme Court's] standing and . . . mootness jurisprudence." Friends of the Earth v. Laidlaw Envtl. Servs., 528 U.S. 167, 180 (2000).

In order to satisfy Article III's standing requirements, a plaintiff must make a three-part showing. First, he most demonstrate a concrete and particularized "injury in fact" that is actual or imminent, not conjectural or hypothetical. Id. at 180-81 (citation omitted). Second, the injury in fact must be "fairly traceable to the challenged action of the defendant[.]" Id. Third, the plaintiff must demonstrate that "it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." Id.

The burden rests on the party seeking the exercise of jurisdiction to allege, with clarity, facts demonstrating the propriety of his invocation of judicial power to resolve the

dispute. Spencer v. Kemna, 523 U.S. 1, 11 (1998). "In order to satisfy the case-or-controversy requirement, a party must, at all stages of the litigation, have an actual injury which is likely to be redressed by a favorable judicial decision." United States v. Mercurris, 192 F.3d 290, 293 (2d Cir.1999) (citing Spencer, 523 U.S. at 7). As a general rule, then, if something occurs during the trial-level or appellate proceedings "that makes it impossible for the court to grant any effectual relief whatever to a prevailing party, the [case] must be dismissed." Church of Scientology v. United States, 506 U.S. 9, 12 (1992) (quotation marks and citation omitted)). While the Government has not argued that Beaver's Section 2255 motion is moot, this Court has "an independent obligation to ensure that developments in the case have not rendered the [case] moot." United States v. Williams, 475 F.3d 468, 479 (2d Cir. 2007) (citation omitted). As discussed more fully below, the Court concludes that the Section 2255 Motion has been rendered moot by several developments in the case.

In United States v. Blackburn, 461 F.3d 259 (2d Cir. 2006), the defendant's sole argument on appeal was that the district court had erred in imposing a four-level sentencing enhancement pursuant to Guidelines § 2K2.1(b)(5). While Blackburn's appeal was pending, he was released from BOP custody and began serving his supervised release term. This raised the question of whether Blackburn's release from custody mooted his appeal before the Second Circuit.

At the outset, the panel noted that several other circuits have held that a challenge to a sentence by a defendant who has completed his prison term, but remains subject to supervised release, is not moot because the possibility that the district court will reduce the term of supervised release on remand gives the defendant-appellant a continuing stake in the outcome. Id. (collecting cases). After canvassing the record, including the extensive comments by the judge at sentencing, the Blackburn court found that the possibility of the district court's imposing a reduced term of supervised release on remand was "so remote and speculative" that any decision on the merits of Blackburn's claim would amount to a "'declar[ation of] principles or rules of law which cannot affect the matter in issue in the case before [it][.]'" Blackburn, 461 F.3d at 262 (quoting Mills v. Green, 159 U.S. 651, 653 (1895); first alteration in original). Accordingly, the Second Circuit held that it was without jurisdiction to consider Blackburn's appeal.

Here, as noted above, Judge Arcara recently denied Defense Counsel's motion for an early termination of Movant's supervised release term. Thus, on remand, the possibility for Judge Arcara to impose a reduced term of supervised release has moved far beyond "remote" to the point of being a definite impossibility. Movant's release from imprisonment, coupled with Judge Arcara's denial of his request to be removed from supervised release, makes it

impossible for this Court to grant any effectual relief to him. Accordingly, the Court concludes that the case is moot. The Court will deny Movant's Section 2255 Motion without reaching the merits of Movant's claims.

**CONCLUSION**

For the reasons discussed above, the Court **grants** the Motion to Proceed In Forma Pauperis (Dkt #51); **grants** the Motion to Amend the Section 2255 Motion (Dkt #62); **denies as moot** the Section 2255 Motion (Dkt #50); **denies as moot** the Motion for a Status Conference (Dkt #64); and **denies as moot** the Motion for Summary Judgment Regarding the Section 2255 Motion (Dkt #65). The Clerk of Court is directed to close this case and to send a copy of this Decision and Order to Movant.

**SO ORDERED.**

**S/Michael A. Telesca**

HON. MICHAEL A. TELESCA
United States District Judge

Dated: November 30, 2016
Rochester, New York.